[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mark James was charged with and convicted of driving under the influence (DUI), driving without a license, and failing to maintain an assured clear distance. James is only appealing the DUI conviction. In his sole assignment of error, James argues that the trial court's decision was against the manifest weight of the evidence. Because James also challenges the sufficiency of the evidence, we review both the sufficiency and the weight of the evidence relating to the DUI offense.
When examining the sufficiency of the evidence, we review the evidence, in the light most favorable to the prosecution, to determine whether any reasonable trier of fact could have found the defendant guilty.[1] When reviewing a manifest-weight claim, we act as a thirteenth juror to determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
At James's bench trial, two eyewitnesses testified that they had observed James sitting in the driver's seat of his truck after an accident, and that no one else was present in the truck. Two officers testified that, after observing James, they determined that he was drunk. They founded their determinations, in part, on James's appearance, including his glassy, watery eyes and the strong scent of alcohol emanating from him. Further, one of the officers testified that James admitted to drinking at a bar the evening of the accident. Based on our review of the record, we are persuaded that the evidence was sufficient to establish every essential element of the crime, and we are further convinced that the finding of guilty was not against the manifest weight of the evidence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 _______________________________________________ Presiding Judge
[1] See State v. Williams (1995) 73 Ohio St.3d 153, 165,652 N.E.2d 721, 732.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.